```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
SHAUN GOODALL,

                Plaintiff,                         MEMORANDUM & ORDER

          - against -                              19-CV-532 (KAM)(SJB)

NEW YORK STATE DEP'T OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                Defendants.
---------------------------------------X
```
**MATSUMOTO, United States District Judge**:

      Shaun Goodall, ("Goodall" or "plaintiff"), formerly incarcerated in Greene Correctional Facility, commenced this action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and New York's Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq., on January 23, 2019 by filing a complaint, *pro se*, against New York's Department of Corrections and Community Supervision ("DOCCS"), its Commissioner and Assistant Commissioner, and nine other individuals employed by the DOCCS or at Greene Correctional Facility. (ECF No. 1, Compl.) Plaintiff retained counsel who filed a notice of appearance in this action on April 17, 2019, and filed an Amended Complaint, (ECF No. 8, Am. Compl.). Summonses subsequently issued as to all defendants. (ECF Nos. 22-33, Summonses.) The court had previously ordered plaintiff, then proceeding *pro se*, to show cause why the case should not be transferred to the Northern District of New York for lack of

venue. (*See* Docket Order dated 4/11/2019.) Once counsel appeared, however, the court stayed the order to show cause until defendants were served and appeared. (*See* Docket Order dated 4/18/2019.) Plaintiff filed summons returned executed as to several defendants, some of which appeared, and the court again ordered plaintiff to show cause why the action should not be transferred. (*See* Docket Order dated 5/14/2019.) Plaintiff filed a memorandum in response to the court's order to show cause on June 14, 2019, (ECF No. 70, Pl.'s Br.), and defendants responded on June 27, 2019, (ECF Nos. 73, Defs.' Opp.).

Under 28 U.S.C § 1404 federal district courts may transfer an action to another District in which the action "might have been brought," for the convenience of the parties and witnesses, and in the interests of justice. 28 U.S.C. § 1404(a). Courts may transfer civil actions *sua sponte* under § 1404, *see Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990), but generally provide both parties an opportunity to be heard first. *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994); *see also Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Taite*, 2012 WL 9334547, at *1. When considering whether to transfer an action *sua sponte*, courts follow the same analysis employed as when a party moves for a change of venue. *Taite v. Colgate Univ.*, No. 12-CV-3435, 2012 WL 9334547, at *1

2

(E.D.N.Y. July 11, 2012). "Motions to transfer venue are governed by a two-part test: (1) whether the action to be transferred 'might have been brought' in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Id.* (citing *Clarke v. City of Atlanta*, No. 06-CV-0532, 2006 WL 1704458, at *1 (N.D.N.Y. May 8, 2006)).

The parties do not dispute that the case might have been brought originally in the Northern District of New York. The court finds that venue in that district would be proper under 28 U.S.C. § 1391, as a substantial part of the events giving rise to plaintiff's claim occurred at Greene Correctional Facility, which is located in the Northern District of New York. *See* 28 U.S.C. § 1391(b)(2). Moreover, and alternatively, defendants are all residents of New York and several reside in the Northern District of New York. *See* 28 U.S.C. § 1391(b)(1); (*see also* ECF No. 74, Hammond Decl. 1-2). Thus, venue would be proper in the Northern District of New York.

The court next considers whether the balance of convenience and justice would favor transfer. When determining whether to transfer venue, courts consider factors including, among others: plaintiff's choice of forum; the convenience of witnesses and parties; the location of relevant documents and relative ease of access to sources of proof; and the locus of operative facts. *Debellis v. Soloman*, No. 19-CV-4408, 2019 WL

3

4393652, at *1 (E.D.N.Y. Sept. 13, 2019) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).  A plaintiff's choice of forum is typically due "substantial consideration," but that choice is not dispositive, and the weight afforded diminishes "where the facts giving rise to the litigation bear little material connection to the chosen forum."  *Debellis*, 2019 WL 4393652, at *1 (citing *Pilot Corp. v. U.S. Robotics, Inc.*, No. 96-cv-5483, 1997 WL 47790, at *2 (S.D.N.Y. Feb. 6, 1997)).

Plaintiff argues, without citing appropriate authority, that the court misplaces the burden by requiring him to show why the case should not be transferred under § 1404(a) when defendants have not so moved.  (Pl.'s Br. 3.)  By its terms, however, § 1404(a) does not assign either party a burden of production or persuasion and, as discussed above, courts may transfer under § 1404 *sua sponte*.  In the absence of a formal motion from defendants, both parties have made their positions known and had the opportunity to present controlling legal authority for those positions.

Plaintiff's choice of forum is not entitled to much weight as it is undisputed that his allegations in this case have minimal connection to the District.  Plaintiff chose this District as he resides within, and this fact appears to be the only connection to the instant forum.  It is undisputed that all

4

the events giving rise to plaintiff's claim occurred in the Northern District of New York.  Plaintiff is correct, of course, that the District is a proper venue under § 1391(d) which lays venue in the District where *any* defendant can be found if all are residents of the state.  As DOCCS could arguably be said to reside in this District, and all defendants reside within the state, § 1391 is satisfied.  Though venue is technically proper, plaintiff found in this District the one defendant, DOCCS, who can be said to reside in *any* district in New York.  The individual defendants, however, all reside in the Northern District of New York.  Moreover, and most importantly, plaintiff's claims are based on alleged events that occurred in the Northern District of New York.

Plaintiff's only available argument against transfer is that it would merely shift the inconvenience to him rather than defendants.  (Pl.'s Br. 2-3.)  In support he points to his residence in Suffolk County, his indigence, and his mental disability.  (*Id.*)  Defendant responds that plaintiff would only need to travel to the Northern District for trial if this case was transferred, because counsel could travel; and that plaintiff has not established how his mental disability would prevent him from traveling to the Northern District.  (Opp. 8-9.)  Goodall's situation is sympathetic, but he has not explained how his situation would permit him to travel to

Brooklyn from Suffolk, but how the Courthouse in Albany, New York is prohibitively far. In any event, plaintiff fails to demonstrate as much. As defendant argues, plaintiff does not account for his anticipated expenses, and why maintaining this action in Albany would be prohibitive as opposed to litigating in Brooklyn.[1]

These facts would make litigating this case somewhat inconvenient for plaintiff, but he is not entitled to an inconvenience-free litigation. Though a transfer is not proper under § 1404 if it merely shifts the inconvenience, the court finds it would be *more* inconvenient for defendants to defend the action in this District than it would be for plaintiff to maintain his action in the Northern District of New York. There are several defendants, and all would be required to travel to the District as often as Goodall would be required to travel to the Northern District. Moreover, it is undisputed that the non-party witnesses and evidence necessary to litigate this case are all located in the Northern District of New York. Significantly, this court's power to subpoena non-party witnesses and documents in the possession of non-parties

---

[1] Plaintiff appears to ignore Local Rule 30.1 of the Local Rules of the Eastern and Southern Districts of New York, and its effect on the costs of litigating this action. Local Rule 30.1 provides that the court may, upon request of any party, order another party to "pay the expense (including a reasonable counsel fee) of the attendance of one attorney for each other party at" a deposition taken at a place more than 100 miles from the courthouse. L. Civ. R. 30.1.

generally extends to 100 miles from this courthouse, *see* Fed. R. Civ. P. 45(c)(1)(A) & (c)(2)(A), which distance would not encompass the non-party witnesses and documents located at or near Greene Correctional Facility. Courts in the Northern District of New York, however, could subpoena such witnesses and documents. This court and the parties would be limited in their ability to effectively litigate this case in the District. Thus, the locus of operative facts and the relevant documents and other sources of proof, aside from plaintiff himself, are all located in the Northern District of New York.

For the foregoing reasons, the court finds that, for the convenience of the parties and witnesses, and in the interests of justice, the case should be transferred to the Northern District of New York, where venue is also proper.

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 112(a); 1391(b); 1406(a).

**SO ORDERED.**

Dated:  October 1, 2019
        Brooklyn, New York

                                            /s/
                                **KIYO A. MATSUMOTO**
                                United States District Judge